UNITED STATES of America, Appellee

v.

Gladger ROSS Jr., also known
as Big, Appellant

United States of America, Appellant

v.

Gladger Ross Jr., also known
as Big, Appellee.

No. 05–4302, 06–1050.

United States Court of Appeals,
Eighth Circuit.

March 9, 2007.

Shawn S. Wehde, U.S. Attorney's Office, Sioux City, IA.

John J. Bishop, Cedar Rapids, IA.

## ORDER

BYE, Circuit Judge, dissenting.

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

I respectfully dissent from the denial of the petition for rehearing en banc. The panel concludes the district court did not commit clear error in attributing a half ounce of cocaine per week to Gladger Ross over fifty-six weeks even though the only plausible reading of the record limits the amount to a quarter ounce of cocaine per week. The officer who testified at Ross's sentencing testified unequivocally Ross purchased "a quarter ounce per week on the average over that time period." Sentencing Tr. 5. On the facts presented, not only does the attribution of a half ounce per week to Ross represent clear error, it violates the laws of physics. The only question for the trial court at sentencing was how much of the quarter ounce, if any, to attribute to crack cocaine.

The government argues in its response to the petition for rehearing any error was harmless because half of the quarter ounce quantity would have been attributed to crack in any case, leaving him with the same base offense level under the sentencing guidelines. This proposed attribution of an eighth of an ounce of crack cocaine per week to Ross is based on testimony Ross sold "both" crack and powder cocaine. "Both" does not equal "half" and certainly, alone, does not show by a preponderance of the evidence Ross sold an eighth of an ounce of crack per week. While four out of six controlled buys involved crack, the amounts recovered in the controlled buys were small compared to the overall amount of crack attributed to Ross. Furthermore, given the case is going to be remanded for resentencing on the crack-powder ratio issue, I think it best left to the district court to make such a fact-intensive finding. Given the huge disparity between offense levels for crack and powder cocaine, Ross's offense level could be anywhere from twenty-two (all powder cocaine) to thirty-four (at least half crack cocaine); the difference between the high end of the im-

---

prisonment range for level twenty-two and the low end of the imprisonment range for level thirty-four is over thirteen years in prison under the applicable advisory sentencing guidelines. I can decipher nothing harmless about such an error.

I take heart only because I see nothing in the panel's remand which would preclude the district court from revisiting the amount and type of cocaine attributed to Ross at resentencing. The panel's opinion makes clear attributing either a half or quarter ounce of cocaine per week to Ross is a permissible view of the evidence, therefore, on remand the district court could conclude a quarter ounce is the proper amount. Further, the district court could further develop the record to determine how much of the quarter ounce, if any, should be attributed to crack cocaine.

Because I firmly believe the panel should have reversed the district court on the amount of cocaine attributed to Ross, and finding the error not harmless, I respectfully dissent from the denial of the petition for rehearing en banc.